**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

## TRIAL CALENDAR ORDER

The cases identified in the attached schedule are set for trial during the trial month beginning **May 4, 2026**, in the United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, Courtroom 13B. They are listed in the order in which they are intended to be tried, although counsel should be ready to proceed within 24 hours of notification.

Counsel and parties must comply with Local Rule 5.03 at all times during trial.

### Notification of Settlement or Guilty Plea

Counsel and pro se parties must **promptly** advise the Court of any development that affects the trial of this case.

The settlement of **civil jury trials** must be announced to the Court **no later than 12 p.m. on the business day preceding the first day of the trial calendar or the business day preceding the date certain that trial is scheduled.** If the Court is not notified of settlement before a jury is called, the parties will be assessed jury costs.

**Written plea agreements must be filed by 12 p.m. on the Wednesday preceding the first day of the trial calendar or the Wednesday preceding the date certain that trial is scheduled.** All guilty pleas must be accepted by the Magistrate Judge **before 12 p.m. on the Thursday before the start of trial**, unless the Court grants special permission otherwise. If an extraordinary situation arises, the Court may accept guilty pleas after the 12 p.m. deadline under two conditions:

(1) The plea will be open, and
(2) The Defendant will not receive credit for acceptance of responsibility at the time of sentencing, unless good cause is shown.

### Civil Trials

Parties shall follow the procedures and deadlines set forth in the operative Case Management and Scheduling Order regarding jury instructions, verdict forms, questions for the venire, and trial briefs. No later than the business day

before the first day of trial, counsel must provide the courtroom deputy with three copies of the final exhibit and witness lists if they have changed from the Joint Pretrial Statement. The parties must label exhibits in accord with Local Rule 3.07(a). The Local Rules, the exhibit list form, and the exhibit tag form are available at www.flmd.uscourts.gov.

## Criminal Trials[1]

**At least fourteen days** prior to the first day of the trial term listed above (or the date certain if one has been entered), the government and defendant must file the following with the Clerk of Court on the docket:

- **Jointly proposed jury instructions and a verdict form**. If the parties disagree about a particular instruction or the verdict form, each party must file the proposed instruction that the party is seeking. All instructions—both those agreed upon and those disputed—**must** include a cover sheet with the style of the case and a heading designating the submitting party or parties. Parties must include only **one** instruction on each page; each instruction **must** include a citation of authorities; and the instructions should be sequentially numbered and party-identified (e.g., Jointly Requested Instr. No. 1, Defendant's Requested Instr. No. 2). Counsel **must** email the proposed instructions and verdict forms in Microsoft Word format to the chambers inbox (chambers_flmd_mizelle@flmd.uscourts.gov) with a subject line that identifies the case number and case name.

- **Jointly proposed statement of the nature of the charges for the purpose of reading to the jury venire or a stipulation to the Court reading the redacted indictment to the jury venire**.

- **Parties' proposed questions for voir dire**. The court conducts the initial voir dire examination and parties should submit all proposed questions by the above deadline. Counsel may submit additional follow-up questions after the Court examines the jury venire during jury selection.

- **For bench trials, trial briefs**. No party is obligated to file a trial brief in a jury trial. For bench trials, the parties must file trial briefs. The trial brief must contain **Proposed Findings of Fact and**

---

[1] These deadlines govern absent a case-specific scheduling order, which controls over the default dates provided herein.

**Conclusions of Law** along with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial. After the conclusion of a bench trial, the court may allow the parties to file additional proposed findings of fact and conclusions of law. The proposed findings of fact and conclusions of law must be emailed to the chambers inbox in Microsoft Word format.

**At least seven days** prior to the first day of the trial term listed above (or the date certain if one has been entered), the parties must file exhibit and witness lists with the Clerk of the Court on the docket. Parties must furnish three physical copies of each to the Courtroom Deputy Clerk before jury selection. The parties must label exhibits in accord with Local Rule 3.07(a). The Local Rules, the exhibit list form, and the exhibit tag form are available at www.flmd.uscourts.gov.

**At least one business day** prior to the first day of the trial term listed above, the parties must provide the Court an **exhibit notebook** containing marked copies of all exhibits. The parties may contact the Courtroom Deputy Clerk to coordinate this requirement.

## Motions to Continue

A request to continue a trial must include a report of every non-moving party's current support for, or opposition to, the requested continuance. If a request to continue is based on a calendar conflict with another proceeding, the request must provide the information necessary to confirm the existence of, and to determine the applicable priority of, the conflicting events in accord with the prescriptions in the "Resolution of the Florida State-Federal Judicial Council Regarding Calendar Conflicts Between State and Federal Courts," which appears in Rule 2.550, Florida Rules of Judicial Administration. At a minimum, the motion for a continuance based on a calendar conflict must contain the name of the conflicting case, the case number and venue, the name and telephone number of the presiding judge, and the date of the order fixing the trial date in the conflicting case.

**ORDERED** in Tampa, Florida, on April 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

3

MIDDLE DISTRICT OF FLORIDA LOCAL RULES

**Rule 5.03  Courtroom Decorum**

(a)  PURPOSE. This rule prescribes minimum requirements of courtroom decorum and supplements the Code of Professional Responsibility and the Rules Regulating The Florida Bar.

(b)  MINIMUM REQUIREMENTS FOR LAWYERS, PARTIES, AND OTHER OBSERVERS. When in court, a person:

(1)  must stand, if able, when court is opened, recessed, and adjourned;

(2)  must stand, if able, when the jury enters and leaves the courtroom;

(3)  must refrain from any gesture, expression, comment, or noise that manifests approval or disapproval;

(4)  must not wear clothing intended or likely to influence or distract a juror;

(5)  must keep an electronic device on silent mode;

(6)  if at counsel table, must use an electronic device only for the matter under consideration; and

(7)  must not eat or drink anything except water.

(c)  ADDITIONAL REQUIREMENTS FOR LAWYERS AND PRO SE PARTIES. When in court, a lawyer and a pro se party:

(1)  must stand, if able, when addressing, or being addressed by, the judge;

(2)  must hand the courtroom deputy a document offered for the judge's examination;

4

MIDDLE DISTRICT OF FLORIDA LOCAL RULES

(3)  must stand, if able, behind the lectern when presenting the opening statement or the closing argument or when examining a witness unless approaching the witness or the courtroom deputy with an exhibit or approaching a demonstrative exhibit;

(4)  must not echo a witness's answer when examining the witness;

(5)  must state only the legal basis for an objection unless the judge requests elaboration;

(6)  must not offer or request a stipulation within the hearing of the jury;

(7)  must address only the judge when commenting, inquiring, or arguing;

(8)  must refrain from any display of animosity toward anyone in the courtroom, including a lawyer, litigant, or witness;

(9)  must refer to a person by the person's title and surname (for example, Ms. Smith or Dr. Robinson) or case designation (for example, "the plaintiff," "the defendant," or "the witness");

(10)  must call the judge "Judge [Last Name]" or "Your Honor"; and

(11)  in an opening statement and a closing argument:

    (A)   must not express personal knowledge or opinion and

    (B)   must not suggest that the jury can or should request a transcript.

(d) ADDITIONAL REQUIREMENTS FOR LAWYERS ONLY. When in court, a lawyer:

    (1)  must ensure a client and witness know and observe this rule and

MIDDLE DISTRICT OF FLORIDA LOCAL RULES

(2)  must limit examination or cross-examination of a witness to one lawyer for each party and ensure the lawyer who objects during direct examination of a witness is the same lawyer who cross-examines the witness.

(e)  PROCEEDING BY TELEPHONE OR VIDEO. If a judge conducts a proceeding by telephone or video, a participant:

(1)  must dress in professional attire and use a professional background if either is visible,

(2)  must use a landline if available,

(3)  must designate one speaker for each party or interested person,

(4)  must not participate from a vehicle,

(5)  must use the mute setting when not speaking,

(6)  must try to avoid background noise or other interference,

(7)  must wait for the judge to address the participant before speaking and must not interrupt a speaker, and

(8)  must start each distinct presentation by saying "this is [name]" or the equivalent.

## MIZELLE TRIAL CALENDAR: MAY 2026



(TRIAL TERM BEGINS MAY 4, 2026)

| | CASE NUMBER | CASE NAME | COUNSEL | | DAYS |
|---|---|---|---|---|---|
| 1 | 8:25-cr-343-KKM-AAS (jury trial)* | United States of America<br>v.<br>Michael Devante Curry | Jeffrey Chang<br><br>Nicholas Matassini | 813-274-6000<br><br>813-879-6227 | 3 |
| 2 | 8:25-cr-415-KKM-TGW<br><br>(jury trial) | United States of America<br>v.<br>Sylvester Johnson | Samantha Newman<br><br>Bryant Scriven | 813-274-6000<br><br>813-226-8522 | |
| 3 | 8:25-cr-427-KKM-SPF<br><br>(jury trial) | United States of America<br>v.<br>Marcus Turner | Candace Rich<br><br>Frank McDermott | 813-274-6000<br><br>727-367-9940 | |
| 4 | 8:25-cr-469-KKM-NHA<br><br>(jury trial) | United States of America<br>v.<br>Sergio Tarango-Diaz (1)<br>Cruz Alvarez-Diaz (2) | Emmett Boggs, Jr.<br><br>Howard Williams (1)<br>Ronald Marzullo (2) | 813-274-6000<br><br>813-228-2715<br>813-662-3080 | |
| 5 | 8:25-cr-534-KKM-NHA<br><br>(jury trial) | United States of America<br>v.<br>Antonio Tyrone Tinsley | Merrilyn Hoenemeyer<br><br>Laura Hastay | 813-274-6000<br><br>813-228-2715 | |

*Trial date certain of May 26, 2026

7